IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**AARON JIMMIE URBAN,**

    Plaintiff,

v.                                                 Civil Action No. 5:24-CV-153
                                                      Judge Bailey

**WILLIAM R. SHARPE JR. HOSPITAL,
PAT RYAN,** CEO Sharpe's Hospital**,
WV DEPARTMENT OF HEALTH AND
HUMAN SERVICES, SHEREE T.
GRUBER,** APRN-CNP**, ACHUTA
R. AYNAMPUDI, MD,** and **WEST VIRGINIA
DEPARTMENT OF HEALTH FACILITIES,**

    Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On August 7, 2024, the plaintiff, a patient at William R. Sharpe, Jr. Hospital[1] in Weston, West Virginia, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, along with an Application and Affidavit to Proceed Without Prepayment of Fees. On August 19, 2024, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). Upon review, the undersigned finds that plaintiff's Motion to Proceed *in forma pauperis* should be granted. However, because plaintiff is seeking to bring a civil action without prepayment of fees, this Court must dismiss the case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim on

---

[1] According to the West Virginia Department of Health, William R. Sharpe, Jr. Hospital is a 200-bed acute care psychiatric facility. *See https://dhhr.wv.gov/officeofhealthfacilities/ Pages/William-R.-Sharpe,-Jr.-Hospital.aspx.*

1

which relief can be granted, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends the claims against William R. Sharpe Jr. Hospital, the WV Department of Health and Human Services, and the West Virginia Department of Health Facilities be dismissed with prejudice.

## II. The Complaint

Plaintiff's Complaint raises five claims based on alleged treatment at William R. Sharpe, Jr. Hospital. First, plaintiff claims he is subject to cruel and unusual punishment in violation of the Eighth Amendment because defendant Gruber has allowed staff to confine him and verbally and physically harass him. Second, that defendants have unlawfully deprived him of writing materials while he attempted to file court documents. Third, that he has been denied access to a law library. Fourth, that defendants are retaliating against him for filing grievances. And, fifth, that defendants are making up false allegations that he is threatening to rape female staff.

## III. Standard of Review

Because the plaintiff is seeking to proceed without prepayment of fees, this Court must dismiss the case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). Frivolity dismissals

2

should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## IV. Discussion

First, a review of plaintiff's Motion to proceed *in forma pauperis* and attached documents shows that he is unable to pay the filing fee in this case. A plaintiff need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. **Adkins v. E.I. DuPont De Nemours & Co.**, 335 U.S. 331, 339 (1948). Nor should a plaintiff have to enter destitution in order to pay a filing fee. *Id*. The question turns on whether a plaintiff can pay the costs and "still be able to provide himself and dependents with the necessities of life." *Id*. The undersigned finds that plaintiff would be unable to pay the filing fee in this case and should be granted *in forma pauperis* status.

However, because the plaintiff is proceeding *in forma pauperis*, this Court must dismiss his claims at any time if it finds that they seek monetary relief from defendants who are immune from suit. The undersigned notes that defendants William R. Sharpe Jr., Hospital, the West Virginia Department of Health and Human Services, and the West Virginia Department of Health Facilities are not valid defendants for purposes of a § 1983 action. 42 U.S.C. § 1983 creates a cause of action against any "*person* who" acts under color of law. (emphasis added). Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." **Wyatt v. Cole**, 504 U.S. 158, 161 (1992). Critically, complaints in

---

[1] *Id*. at 327.

3

§ 1983 actions must allege that some person has deprived him of a federal right.  ***Gomez v. Toledo***, 446 U.S. 635, 640 (1980).  "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]" ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 66 (1989) (citing ***Quern v. Jordan***, 440 U.S. 332 (1979)).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." ***Will***, 491 U.S. at 71.  Because § 1983 does not authorize suits against state agencies, the claims against these defendants should be dismissed with prejudice.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that:

1. plaintiff's claims against William R. Sharpe Jr. Hospital, WV Department of Health and Human Services, and West Virginia Department of Health Facilities be **DISMISSED** with prejudice;
2. plaintiff's Motion to Proceed *in forma pauperis* [**Doc. 2**] be **GRANTED**; and
3. that the Clerk send plaintiff summonses and that he be informed of his duty to effect service and his right, as a party proceeding *in forma pauperis*, to request service by the United States Marshal Service.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

4

accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** August 22, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE