IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**AARON JIMMIE URBAN,**

        Plaintiff,

v.                                          **Civil Action No. 5:24-CV-153**
                                                Judge Bailey

**WILLIAM R. SHARPE JR. HOSPITAL,**
**PAT RYAN,** CEO Sharpe's Hospital,
**WV DEPARTMENT OF HEALTH AND**
**HUMAN SERVICES, SHEREE T. GRUBER,**
APRN-CNP, **ACHUTA R. AYNAMPUDI, MD,**
and **WEST VIRGINIA DEPARTMENT OF**
**HEALTH FACILITIES,**

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that (1) plaintiff's claims against William R. Sharpe Jr. Hospital, WV Department of Health and Human Services, and West Virginia Department of Health Facilities be dismissed with prejudice, (2) plaintiff's Motion to Proceed *in forma pauperis* be granted, and (3) that the Clerk send plaintiff summonses and that he be informed of his duty to effect service and his right, as a party proceeding *in forma pauperis*, to request service by the United States Marshal Service. See [Doc. 8 at 4].

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject,

1

or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). On September 3, 2024, plaintiff filed his Replies to Report and Recommendation and Motion to Amend/Correct Complaint. *See* [Doc. 10].

In his Replies to Report and Recommendation, plaintiff states that he has "no objections" to the R&R. [Id. at 1].

In his Motion to Amend/Correct Complaint, plaintiff requests this Court to "modify [his] original complaint adding 42 USC § 1985 in addition[ ] to the 1983 civil complaint. . . ." [Id.]. This Court will **GRANT** plaintiff's request to Amend/Correct his Complaint [**Doc. 10**]. The Clerk is **DIRECTED TO FILE** plaintiff's Amended Complaint [**Doc. 10-1**] to the active docket of this Court.

Because plaintiff has no objection to the R&R, this Court finds that a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 21**] is **ADOPTED**. Defendants <u>William R. Sharpe Jr. Hospital</u>, <u>WV Department of Health and Human Services</u>, and <u>West Virginia Department of Health Facilities</u> are hereby **DISMISSED WITH PREJUDICE**.

"A Plaintiff need not be absolutely destitute to enjoy the benefit of proceeding in forma pauperis . . . [n]or should a Plaintiff have to enter destitution in order to pay a filing fee." **Fadeley v. Berryhill**, No. 1:17-CV-129, [Doc. 4 at 1] (N.D. W.Va. Jul. 31, 2017) (Seibert, M.J.) (citing **Adkins v. E. I. DuPont De Nemours & Co.**, 335 U.S. 331, 339 (1948)). Rather, the question is whether a plaintiff can pay for the costs of filing and "still be able to provide himself . . . with the necessities of life." **Adkins**, 335 U.S. at 339. A plaintiff whose "monthly income barely exceeds h[is] monthly expenses" for necessities such as food and shelter may qualify to proceed in forma pauperis. **Sibole v. Colvin**, No. 5:14-CV-03 [Doc. 4 at 1] (N.D. W.Va. Jan. 15 2014) (Seibert, M.J.).

Here, plaintiff resides in an institutional care facility—William R. Sharpe, Jr. Hospital. See [Doc. 2 at 1]. Plaintiff states he has a "savings account at Suntrust bank with $120.00 in this account," which is unaccessible. See [id. at 2]. Although plaintiff has no monthly expenses and in consideration that his residence is in said hospital, the undersigned agrees with Magistrate Judge Mazzone's determination that plaintiff qualifies to proceed without prepayment of costs and fees. Accordingly, the Court **GRANTS** plaintiff's Motion to Proceed in forma pauperis [**Doc. 2**].

Federal Rule of Civil Procedure 4 provides, in relevant part, that a plaintiff is responsible for service of summons and the complaint "within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Summonses are issued by the Clerk of Court upon receipt of a properly completed summons. Fed. R. Civ. P. 4(b). When a "plaintiff is authorized to proceed in forma pauperis [as a prisoner] under 28 U.S.C. § 1915 or as a seaman under

28 U.S.C. § 1916," the court must order service by the United States Marshals Service. Otherwise, the court may order service by marshal **upon a plaintiff's request**. Fed. R. Civ. P. 4(c)(3). The Clerk of Court is **DIRECTED** to send summonses to plaintiff at his address on the docket. Plaintiff must then complete the blank summonses and return to the Clerk for issuance. Once issued by the Clerk, plaintiff will need to effect service, whether by request to the Court to have the Marshals[1] serve under Rule 4(c)(3), or by other means in accordance with Rule 4 of the Federal Rules of Civil Procedure.[2]

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** September 4, 2024.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**

---

[1] If plaintiff wishes to effect service through the United States Marshals Service, plaintiff will notify the Court in writing as soon as possible and must agree to remit the cost of service by the United States Marshals Service in the event the suit is successful and money damages are recovered by plaintiff.

[2] (c) SERVICE.
(1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.