IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**AARON JIMMIE URBAN,**

        Plaintiff,

v.                                            Civil Action No. 5:24-CV-153
                                                        Judge Bailey

**PAT RYAN,** CEO Sharpe's Hospital**,**
**SHEREE T. GRUBER,** APRN-CNP**, ACHUTA R. AYNAMPUDI, MD,** and **RICK DEMPSEY,** Mental Health Ombudsman**,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

Pending before this Court are several motions: plaintiff's Emergency Motion for Restraining Order [Doc. 14], filed September 6, 2024; plaintiff's letter, which the Court construes as a Motion to Amend Complaint [Doc. 41], filed October 15, 2024; Defendant Pat Ryan's Motion to Dismiss [Doc. 42], filed October 21, 2024; defendants Aynampudi and Gruber's Motion to Dismiss Plaintiff's Complaint [Doc. 43], filed October 22, 2024; Defendant Rick Dempsey's Motion to Dismiss in Lieu of Answer [Doc. 47], filed October 23, 2024; and plaintiff's Objection to Defendants Motion to Dismiss [Doc. 55], which the Court construes as a Motion for a Hearing, filed November 4, 2024.  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that the Motion for Restraining

Order be denied, the Motion to Amend Complaint be denied as moot, the Motions to Dismiss be granted, and that plaintiff's Motion for a Hearing be denied as moot.

## II. The Complaint

Plaintiff's Complaint raises five claims based on alleged treatment at William R. Sharpe, Jr. Hospital ("Sharpe Hospital"). First, plaintiff claims he is subject to cruel and unusual punishment in violation of the Eighth Amendment because defendant Gruber has allowed staff to confine him and verbally and physically harass him. Second, that defendants have unlawfully deprived him of writing materials while he attempted to file court documents. Third, that he has been denied access to a law library. Fourth, that defendants are retaliating against him for filing grievances. And, fifth, that defendants are making up false allegations that he is threatening to rape female staff. For relief, plaintiff asks the Court that he be discharged or transferred from Sharpe Hospital and awarded damages for each day he has been at the facility.

On September 3, 2024, plaintiff filed an "amended complaint," [Doc. 10-1], in which he seeks to add additional claims that defendants Ryan and Dempsey conspired to deprive him of his rights, in particular by conspiring in the handling of his filed grievances.

## III. Pending Motions

The parties have filed several motions currently pending before this Court. First, plaintiff has filed a Motion for an Emergency Restraining Order [Doc. 14]. Plaintiff alleges that after learning of this lawsuit, defendants made comments to plaintiff that they would ensure he would be deemed incompetent and would force medication on him; plaintiff alleges that defendants are seeking to obstruct his ability to do legal research. Although plaintiff does not specify what relief he seeks, construing the *pro se* motion liberally, it

appears plaintiff seeks a preliminary injunction preventing defendants from forcing medication on or otherwise retaliating against plaintiff.

On October 8, 2024, the defendants filed a response in opposition to the Motion. [Doc. 38]. In their response, defendants provide some background to plaintiff's claims. As set forth in their response and accompanying attachments, plaintiff is a defendant in Kanawha County Circuit Court in case number 2023-F-139, facing charges for first degree robbery; use of a firearm, to-wit: a shotgun, in the commission of a felony; fleeing with reckless indifference to the safety of others; child neglect creating substantial risk of serious bodily injury or death; grand larceny; and a misdemeanor offense of prohibited person in possession of a firearm. In the course of his criminal case in the circuit court, plaintiff's statements made to the court raised questions concerning his competency. Accordingly, the circuit court entered an order directing plaintiff to undergo a psychological evaluation to determine competency. After determining he was not currently competent to stand trial, the court entered an order committing him to Sharpe Hospital for competency restoration services. *See* [Doc. 38-7]. As summarized by defendants, "[s]ince his admission, Plaintiff has essentially refused to participate in the restoration treatment plan." [Doc. 38 at 4].

Further, on September 19, 2024, after the instant case had been filed, the Kanawha County Circuit Court held a hearing on plaintiff's ongoing competency restoration and determined that the involuntary administration of medication was within plaintiff's best interests and necessary to restore plaintiff to competency to stand trial. *See* [Docs. 38 at 5, 38-12].

In their response in opposition to plaintiff's Motion for an Emergency Restraining Order, defendants argue that this Court lacks jurisdiction to consider plaintiff's claims and that, whilst styled as a Complaint pursuant to § 1983, plaintiff is essentially asking this Court to act as an appellate court to review the state court's decision. Defendants argue that this Court lacks subject-matter jurisdiction pursuant to the **Rooker-Feldman** doctrine and that, even if this Court has jurisdiction, **Younger** abstention requires this Court abstain from exercising such jurisdiction. Defendants further argue that plaintiff has failed to meet the burden for issuance of a restraining order as set forth in Federal Rule of Civil Procedure 65.

On October 15, 2024, plaintiff filed a letter, which the Court construes as a Motion to Amend. [Doc. 41]. In the Motion, plaintiff seeks only to change the case heading to reflect that defendant "Pat Ryan" be changed to "Patrick Ryan."

On October 21, 2024, defendant Pat Ryan filed a Motion to Dismiss. [Doc. 42]. In a memorandum in support, Ryan raises substantially the same arguments made in the response in opposition to plaintiff's Motion for an Emergency Restraining Order: that this Court lacks jurisdiction pursuant to the **Rooker-Feldman** doctrine and that, even if the Court has jurisdiction, it should abstain under **Younger**. Further, Ryan argues that plaintiff has failed to state a claim as he has only sued him in his official capacity and thus his claims are not cognizable under § 1983; that plaintiff has failed to exhaust administrative remedies; that plaintiff has failed to set forth any injury caused by denial of access to the law library; that plaintiff has failed to set forth a claim under 42 U.S.C. § 1985; and that defendant Ryan is entitled to qualified immunity.

On October 22, 2024, defendants Aynampudi and Gruber also filed a Motion to Dismiss. [Doc. 43]. In their memorandum in support, defendants adopt the jurisdictional arguments set forth by defendant Ryan. They further ague that plaintiff has failed to exhaust administrative remedies; that plaintiff has merely asserted legal conclusions insufficient to state a claim under § 1983; and that plaintiff's "amended complaint" does not reference either of these defendants.

On October 23, 2024, defendant Dempsey also filed a Motion to Dismiss. [Doc. 47]. Defendant Dempsey argues that the claims against him should be dismissed pursuant to the 11th Amendment as plaintiff has only named him in his official capacity; that plaintiff's amended complaint fails to allege facts which would support a claim under § 1985; that he has failed to allege any violation of a substantive right; that he has failed to allege any injury resulting from being denied access to the law library and courts; and that Dempsey is entitled to qualified immunity.

On October 30, 2024, plaintiff filed an "Objection to Defendants Motion to Dismiss," which the undersigned interprets to be a response to all three motions to dismiss. Plaintiff claims he has exhausted and appealed all grievances. [Doc. 53 at 1]. Plaintiff further argues that defendants motions are attempts to make plaintiff appear guilty and that "they are moreless (sic) admiting (sic) that they commited the acts as a duty or under color of law." [Id. at 3]. He asks that this Court deny the Motions until such time as defendants provide the Court with a policy which justifies their alleged actions.

On November 4, 2023, plaintiff filed an additional "Objection to Defendants Motion to Dismiss," [Doc. 55], which the Court construed as a Motion for a Hearing. Plaintiff asks for the Court to conduct an in-person hearing on this matter. Finally, the undersigned

notes that defendants Aynampudi and Gruber filed a reply on November 11, 2024, and defendant Dempsey filed a reply on November 13, 2024.

## IV. Standard of Review

### A.    Requests for Injunctive Relief

A preliminary injunction may be granted under the authority of Federal Rule of Civil Procedure 65 after notice has been given to the adverse party.  The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in **Hoechst Diafoil Company v. Nan Ya Plastics Corporation**, 174 F.3d 411, 422 (4th Cir. 1999), as follows: "While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held."

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard."  **International Refugee Assistance Project v. Trump**, 883 F.3d 233, 255–56 (4th Cir. 2018), *as amended* (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in **Winter v. Nat. Res. Def. Council, Inc.**, 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial."  A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of

preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

*Int'l Refugee*, 883 F.3d at 256 (citing *WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009) (citing *Winter*, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004) (quoting *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

**B.     Motions to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See *Materson v. Stokes*, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the

subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

**C.    Motions to Dismiss for Failure to State a Claim**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." **Republican Party of N.C. v. Martin**, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. **Mylan Labs, Inc. v. Matkari**, 7 F.3d 1130, 1134 (4th Cir. 1993); see also **Martin**, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007) (quoting **Conley v. Gibson**, 355 U.S. 41, 47 (1957)). In **Twombly**, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." **Conley**, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." **Id**. (citations omitted), to one that is "plausible on its face," [**Id**. at 570], rather than merely "conceivable." **Id**. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." **Bass v. E.I. DuPont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003) (citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th

8

Cir. 2002); **Iodice v. United States**, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in **Ashcroft v. Iqbal**, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. **Id**.

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## V. Discussion

As a preliminary matter, the undersigned notes that plaintiff's Motion to Amend [Doc. 41] should be denied as moot.  First, the undersigned notes that this Court's Local Rules require that "Any party filing a motion to amend a pleading that requires leave of court to file shall attach to that motion a signed copy of the proposed amended pleading."  LR Civ P 15.01.  Second, in this instance amendment appears unnecessary.  Plaintiff's motion seeks only to change the case heading of "Pat Ryan, CEO Sharpe's Hospital," to "Patrick Ryan CEO."  At the time this Motion was filed, defendant Ryan had already accepted service, and there appears to be no dispute that the correct defendant has been identified and has now responded to the Complaint.  Finally, as set forth below, the undersigned recommends defendant Ryan's Motion to Dismiss be granted.  Accordingly, this Motion [Doc. 41] should be denied as moot.

**A.      Insofar as plaintiff challenges the state court's determination that he be involuntarily committed to Sharpe Hospital, this Court lacks jurisdiction over such a challenge.**

At the heart of plaintiff's claims, he is challenging the state court's determination that he be committed to Sharpe Hospital.  In his relief requested, plaintiff asks this Court to order that he be discharged or transferred from Sharpe Hospital.  Defendants Ryan, Aynampudi, and Gruber argue that plaintiff is essentially seeking for this Court to act as an appellate court passing judgment on the circuit court's competency rulings.  The undersigned agrees, and, as such, the Court should decline to exercise jurisdiction over such claims under the ***Rooker-Feldman*** doctrine.

The ***Rooker–Feldman*** doctrine prohibits District Courts "with the exception of habeas corpus actions, from 'sit[ting] in direct review of state court decisions.'" ***Jordahl v. Dem. Party of Va.***, 122 F.3d 192, 199 (4th Cir. 1997) (quoting ***D.C. Ct. of App. v. Feldman***, 460 U.S. 462, 483 n.16 (1983)).  "Under the ***Rooker–Feldman*** doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.' . . . We regard the doctrine as jurisdictional." ***Am. Reliable Ins. Co. v. Stillwell***, 336 F.3d 311, 316 (4th Cir. 2003) (citation omitted).  In order to grant the requested relief of discharge from Sharpe Hospital, this Court would need to effectively conduct appellate review of issues already decided by the Kanawha County Circuit Court.  This type of review is clearly barred under the ***Rooker-Feldman*** doctrine, and, accordingly, such claims must be dismissed for lack of subject-matter jurisdiction.

**B.     To the extent plaintiff's claims do not directly challenge the circuit court's rulings, *Younger* abstention applies.**

Similarly, to the extent this Court has subject matter-jurisdiction over plaintiff's claims which do not directly seek review of issues decided by the state court, the undersigned finds that this Court should nonetheless abstain from such matters under the doctrine set forth in ***Younger v. Harris***, 401 U.S. 37 (1971). In ***Younger***, the Supreme Court stated "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44. Under the ***Younger*** abstention doctrine, a federal court is required to abstain from interfering in ongoing state court proceedings, even if the federal court has jurisdiction, where the following test if met: (1) "there are ongoing state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." ***Martin Marietta Corp. v. Maryland Comm'n on Human Relations***, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing ***Middlesex County Ethics Comm. v. Garden State Bar Ass'n***, 457 U.S. 423, 432 (1982); *see also* ***Virginia Inst. Of Autism v. Virginia Dep't of Educ.***, 537 F. Supp.2d 817, 820 (E.D. Va. 2008).

Here, all three conditions have been met. First, it is clear plaintiff's claims arise directly as a result of the involuntary commitment that has arisen in the course of his state criminal proceedings. Second, these proceedings implicate an important state interest in the orderly prosecution of state citizens. Third, the Kanawha County Circuit Court can adequately handle any constitutional claims plaintiff wishes to raise challenging his

commitment.[1]  Given that all three criteria exist here, abstention bars the granting of plaintiff's requested relief.

Accordingly, the undersigned recommends that the defendants Motions to Dismiss [**Docs. 42, 43, & 47**] be granted[2].

**C.	The Court should deny plaintiff's Emergency Motion for Restraining Order**

Because the undersigned concludes that this case should be dismissed, it follows that the Court should not grant plaintiff's Emergency Motion for Restraining Order.  Under the ***Winter*** test, a plaintiff seeking a preliminary injunction must establish that he "is likely to succeed on the merits."  As plaintiff clearly cannot establish this, his Motion must be denied.

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that:

1. plaintiff's Emergency Motion for Restraining Order [**Doc. 14**] be **DENIED**;

2. plaintiff's Motion to Amend Complaint [**Doc. 41**] be **DENIED AS MOOT**;

3. defendants Motions to Dismiss [**Docs. 42, 43, & 47**] be **GRANTED**;

4. plaintiff's Motion for a Hearing [**Doc. 55**] be **DENIED**; and

5. this case be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Under the well-established principles of federalism and comity, the ***Younger*** doctrine "also recognizes that state courts are fully competent to decide issues of federal constitutional law." ***Martin Mariettta Corp.***, 38 F.3d at 1396.

[2] The undersigned notes that defendant Dempsey did not raise the same jurisdictional arguments in his Motion to Dismiss.  However, all defendants made these arguments in the Response in Opposition to Plaintiff's Emergency Motion for Restraining Order.  Further, this Court is always required to determine whether it has subject-matter jurisdiction, and ***Younger*** abstention applies equally to the claims made against defendant Dempsey.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** November 19, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE