IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**AARON JIMMIE URBAN,**

      Plaintiff,

v.                                          Civil Action No. 5:24-CV-153
                                                      Judge Bailey

**PAT RYAN,** CEO Sharpe's Hospital,
**SHEREE T. GRUBER,** APRN-CNP,
**ACHUTA R. AYNAMPUDI, MD,** and
**RICK DEMPSEY,** Mental Health Ombudsman,

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that plaintiff's Emergency Motion for Restraining Order [Doc. 14] be denied; plaintiff's Motion to Amend Complaint [Doc. 41] be denied as moot; defendants' Motions to Dismiss [Docs. 42, 43, & 47] be granted; plaintiff's Motion for a Hearing [Doc. 55] be denied; and this case be dismissed without prejudice. See [Doc. 59].

On December 16, 2024, this Court adopted the Report and Recommendations ("R&R"), as plaintiff failed to file timely objections. See [Doc. 62]. Plaintiff then filed a Motion to Reopen Case [Doc. 63], which this Court granted and provided plaintiff fourteen (14) days to file objections. See [Doc. 64]. Plaintiff filed his Objection on January 21, 2025. See [Doc. 67].

1

This Court first notes that plaintiff's main request for relief, to be discharged from Sharpe Hospital, is now moot. In his Objection, plaintiff asserts that he has been moved from Sharpe Hospital. [Doc. 67 at 1]. Thus, the only requested relief left is damages for each day he has been at the facility.

In his Objection, plaintiff asserts he is withdrawing his Emergency Motion for Restraining Order [Doc. 14] and Motion for a Hearing [Doc. 55] because they are "no longer necessary as [he has] been moved from Sharpe Hospital." [Doc. 67 at 1–2]. Thus, this Court **DENIES AS MOOT** plaintiff's Emergency Motion for Restraining Order [**Doc. 14**] and Motion for a Hearing [**Doc. 55**].

Because plaintiff is withdrawing those two (2) Motions, this Court will focus on the portions of the R&R addressing plaintiff's Motion to Amend Complaint [Doc. 41] and defendants' Motions to Dismiss [Docs. 42, 43 & 47].

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

In his Objection, plaintiff states he is objecting to the recommendation of dismissal of the above-styled case because he is "very likely to succeed in trial on this case as the violations are apparent." [Doc. 67 at 1]. Plaintiff asserts his legal argument "has been direct" and he has "never insisted the Federal courts interfere with the state courts as [he] know[s] the difference between a Habeas Corpus and a 1983 Civil Complaint and the[ir] legal purposes." [Id. at 2]. Plaintiff argues that defendants "have blatantly committed these acts with intent to do legal harm and other malice [sic] intentions while [he] was housed at the[ir] facility on an forged, fake state indictment that is destined for dismissal." [Id.].

Plaintiff further argues that in light of the **Younger v. Harris**, 401 U.S. 37 (1971) doctrine, he does have an ongoing state proceeding but he has not been indicted by a grand jury and the case has "exceeded the 2 term rule and 3 term rule which is subject to dismissal." [Id. at 1]. He asserts that he has raised claims "in motion form in the state proceedings but the State is not interested in ruling against itself instead it's a case of subversive techniques only designed to disrupt, delay or deny" plaintiff of his rights. [Id. at 1–2].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (Johnston, J.) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to

3

only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; see also Fed. R. Civ. P. 72(b); LR PL P 12.

This Court finds that plaintiff has provided no objection which warrants *de novo* review of the R&R. A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, Magistrate Judge Mazzone's Report and Recommendation [**Doc. 59**] is **ADOPTED**. Plaintiff's Emergency Motion for Restraining Order [**Doc. 14**] and Motion for a Hearing [**Doc. 55**] are **DENIED AS MOOT**. Plaintiff's Motion to Amend Complaint [**Doc. 41**] is **DENIED AS MOOT**. Defendants Pat Ryan, Achuta R. Aynampudi, M.D., Sheree T. Gruber, APRN-CNP, and Rick Dempsey's Motions to Dismiss [**Docs. 42, 43 & 47**] are **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED TO STRIKE** the above-styled case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** January 22, 2025.

                                                                                          _____
                                                                                          **JOHN PRESTON BAILEY**
                                                                                          **UNITED STATES DISTRICT JUDGE**